UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAREN T. BAILEY**, *et al.*,

    **Plaintiffs,**　　　　　　　　　　Case No. 2:23-cv-1199
　　　　　　　　　　　　　　　　　　　　**JUDGE EDMUND A. SARGUS, JR.**
  v.　　　　　　　　　　　　　　　　Magistrate Judge Kimberly A. Jolson

**JASON GESSEL, D.O.**, *et al.*,

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs Daren T. Bailey, Waylon Bailey, and William Bailey's Motion to Remand the case to state court. (ECF No. 9.) Defendants Glenn Tuckman, M.D., and All-American Teleradiology, LLC, who removed this action, do not oppose Plaintiff's motion. (ECF No. 10.) The remaining Defendants have not opposed Plaintiff's motion and the time to do so has passed. For the reasons set forth below, the Court concludes that remand is proper because of the presence of forum state defendants, *see* 28 U.S.C. § 1441(b)(2), and therefore the Court must **GRANT** Plaintiff's Motion to Remand.

**I.　　Background**

Plaintiffs filed this action in the Washington County Court of Common Pleas on March 15, 2023. (Not. of Removal ¶ 1, ECF No. 1.) Plaintiffs' Complaint alleges negligence and medical malpractice claims arising from certain Defendants' alleged misdiagnosis of a cancerous mass growing in Plaintiff Daren T. Bailey's leg prior to him undergoing surgical intervention. (*Id.* ¶¶ 3-4.) Due to Defendants' negligent failure to identify the mass, he suffered serious complications, including the probable loss of his leg. (*Id.* ¶ 4.)

1

Plaintiffs' Complaint states that Plaintiff Daren T. Bailey and his two children, Plaintiffs Waylon and William Bailey, are residents of the state of West Virginia. (Compl. ¶¶ 1-2, ECF No. 5.) As for Defendants Tuckman and All-American Teleradiology, the Complaint alleges that All-American Teleradiology is an Ohio corporation that employed Dr. Tuckman, who held himself out as a licensed radiologist in Ohio. (*Id.* ¶¶ 7-10.)

Defendants Tuckman and All-American Teleradiology removed this action on April 6, 2023, asserting that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are of completely diverse citizenship and Plaintiffs' Complaint plausibly seeks damages in excess of the $75,000 amount in controversy requirement. (Not. of Removal ¶ 7, ECF No. 1.) The Notice of Removal asserts that complete diversity exists because Plaintiffs allege that they are citizens of West Virginia while Defendants all hale from either Indiana or Ohio. (*Id.* ¶¶ 7-8.)

Plaintiffs move to remand the case to state court based on the forum defendant rule, which prohibits a defendant sued in a state court in its own state of residence from removing an action to the federal court of the same state. (Mot. to Remand at 2-3, ECF No. 9 (citing 28 U.S.C. § 1441(b)).)

## II. Standard

"[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[a] civil action

2

otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.S. § 1441(b)(2). Thus, under this "forum defendant" rule, even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Id*.; *Lattimer v. Nationwide Mut. Ins. Co.*, No. 3:20-CV-028, 2020 U.S. Dist. LEXIS 181316, at *6-7 (S.D. Ohio Sept. 30, 2020).

### III.     Analysis

The Court finds that it must remand this case under the "forum defendant" rule. Here, Defendants Dr. Tuckman and All-American Teleradiology removed the above-captioned case from an Ohio state court to the Southern District of Ohio solely on diversity jurisdiction. (Not. of Removal ¶ 7, ECF No. 1.) This is despite that fact that the removing Defendants in this lawsuit are citizens of Ohio for diversity purposes, and are therefore so-called "forum defendants,"—*i.e.*, citizens of the forum in which the state court action was first filed. (*Id.* ¶ 8.) Because Plaintiff brought this action in an Ohio state court, and Defendants Dr. Tuckman and All-American Teleradiology are both Ohio citizens who have been properly joined and served, the forum defendant rule precludes Defendants from removing this case to federal court. *See* 28 U.S.C.S. § 1441(b)(2); *Lattimer*, 2020 U.S. Dist. LEXIS 181316, at *6-7. Accordingly, the Court will remand this action to the Washington County Court of Common Pleas.

The Court briefly notes that it has discretion to order an award of attorneys' fees and costs under § 1447(c) where a defendant files an improvident notice of removal. *See* 28 U.S.C. § 1447(c); *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). Here, Plaintiffs do not request an award for fees; instead, they "prefer to litigate this matter solely on its merits and

3

seek no sanction other than an Order of remand." (Mot. to Remand at 7, ECF No. 9.) As such, the Court will not issue an award of fees and costs.

## IV. Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 9) is **GRANTED** and this case is **REMANDED** to the Washington County Court of Common Pleas.

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

**6/8/2023**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

4